IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RESIDENTIAL WARRANTY SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOYO MEDIA, LLC, CLEAR SATELLITE, INC., CLEAR HOME, INC., JOHN HARD, and PAUL SOUTHAM, <br><br> Defendants. | ORDER AND MEMORANDUM DECISION <br><br> Case No. 2:20-cv-00898-TC-DAO <br><br> Judge Tena Campbell |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Goyo Media, LLC (Goyo), Clear Satellite, Inc. (Clear Satellite), Clear Home, Inc. (Clear Home), John Hard, and Paul Southam move to dismiss Plaintiff Residential Warranty Services, Inc.'s (Residential) third and fourth causes of action. For the following reasons, Defendants' motion to dismiss (ECF No. 16) is DENIED as moot, and attorney's fees are not awarded.

## DISCUSSION

On December 22, 2020, Residential filed a complaint against Defendants with four causes of action: 1) breach of contract against Goyo; 2) breach of the implied covenant of good faith and fair dealing against Goyo; 3) account stated against Goyo; and 4) alter ego against Clear Satellite, Clear Home, and John Hard. (ECF No. 2).

Defendants filed a motion to dismiss on February 19, 2021. In their motion, Defendants argue that Clear Home, Clear Satellite, and Mr. Hard should be dismissed as parties because

Residential failed to allege any cognizable claims against them. Defendants also assert that Residential's third claim against Goyo, account stated, is not plausible because Goyo never agreed to pay the amount of money that Residential contends it is owed.

On March 12, 2021, Residential filed an amended complaint, adding Mr. Southam as a defendant and incorporating new factual allegations about the roles of Mr. Southam, Mr. Hard, Clear Satellite and Clear Home. (ECF No. 19). Residential also amended its causes of action to assert 1) breach of contract against all Defendants; 2) breach of the implied covenant of good faith and fair dealing against all Defendants; 3) account stated against all Defendants; and 4) alter ego against Clear Satellite, Clear Home, John Hard, and Paul Southam.

As a matter of course, a party may amend its complaint once within 21 days after serving it or within 21 days after the opposing party serves a Rule 12 motion or responsive pleading, whichever is earlier. See Fed. R. Civ. P. 15(a)(1)(A)–(B). Residential properly amended its complaint within 21 days after Defendants filed their motion to dismiss.

Defendants' motion is directed at the claims in Residential's original complaint, but Residential's amended complaint supersedes the original complaint and is now the operative pleading. In the amended complaint, Residential asserts its first, second, and third causes of action against all Defendants. As a result, Defendants' motion is moot. Defendants may file a new motion to dismiss in response to the amended complaint in accordance with the Federal Rules of Civil Procedure.

In their motion, Defendants request an award of attorney's fees incurred in defending against Residential's complaint. The court denies this request. "Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract

provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252–53 (2010) (internal quotation marks omitted) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 683 (1983)). Defendants do not refer to any statute or contractual obligation that supports their request for attorney's fees.

Defendants cite Kuhre v. Goodfellow, 2003 UT App 85, ¶ 26, 69 P.3d 286, 292–93, and Lake Creek Irr. Co. v. Clyde, 22 UT 2d 222, 226, 451 P.2d 375, 378 (1969), to argue that they deserve attorney's fees because their motion to dismiss "has merit." But Defendants fail to mention that even in those two cases, an award of attorney's fees is within the broad discretion of the trial judge. See Kuhre, 69 P.3d at 293 ("A trial judge is accorded broad discretion in determining how a case shall proceed in his or her courtroom") (internal quotations omitted). Residential had the procedural right to amend its complaint within 21 days after Defendants moved to dismiss. Because of this, the court finds that an award of attorney's fees is not warranted.

DATED this 8th day of July, 2021.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge