UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RESIDENTIAL WARRANTY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOYO MEDIA, LLC; CLEAR SATELLITE, INC.; CLEAR HOME, INC.; PAUL SOUTHAM; and CASEY HREINSON, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY AND DEBTOR EXAMINATION AND TO REFRAIN FROM ALIENATION OR DISPOSITION OF ASSETS (DOC. NO. 105)** <br><br> Case No. 2:20-cv-00898 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Residential Warranty Services (RWS) brought this breach of contract action against Goyo Media, LLC; Clear Satellite, Inc.; Clear Home., Inc.; Paul Southam; and Casey Hreinson.[1] After a bench trial, District Judge Tena Campbell issued a judgment in favor of RWS and against Goyo Media, Clear Satellite, and Clear Home (collectively, the judgment debtors), in the amount of $781,993.[2] Judge Campbell dismissed RWS's claims against Mr. Southam and Mr. Hreinson.[3] RWS has filed a motion seeking an

---

[1] (*See* Compl., Doc. No. 2; Second Am. Compl, Doc. No. 35.)

[2] (*See* Findings of Fact and Conclusions of L., Doc. No. 99; Judgment, Doc. No. 100.) RWS has also filed a motion (which is still pending) seeking $961,061.90 in attorney's fees and costs. (*See* Pl.'s Mot. for Att'y Fees and Other Expenses, Doc. No. 102.)

[3] (*See* Judgment, Doc. No. 100.)

order (1) compelling the judgment debtors to produce documents relating to their assets, (2) requiring the judgment debtors "to appear in court for a hearing to answer questions about their assets," and (3) "enjoining the Judgment Debtors from transferring or alienating any of their assets."[4] The judgment debtors oppose RWS's document requests, arguing they are overbroad, unduly burdensome, and duplicative of documents already produced in this case.[5] The judgment debtors also contend any order prohibiting disposition of their assets must permit them to make any required payments to creditors senior to RWS.[6] As explained below, RWS's motion is granted in part and denied in part. The judgment debtors must respond to RWS's document requests, but no hearing is required where the judgment debtors are ordered to produce documents. Additionally, the judgment debtors may not dispose of assets, but they may make required payments to senior creditors.

## LEGAL STANDARDS

Under Rule 69(a)(1) of the Federal Rules of Civil Procedure, "the procedure on execution [of a judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."[7]

---

[4] (Mot. for Procs. Suppl. and Debtor Exam. and to Refrain from Alienation or Disposition of Assets Against J. Debtors (Mot.) 4–8, Doc. No. 105.)

[5] (Defs.' Resp. to Pl.'s Mot. for Procs. Suppl. and Debtor Exam. and to Refrain from Alienation or Disposition of Assets Against J. Debtors (Opp'n) 2, Doc. No. 107.)

[6] (*Id.* at 2.)

[7] Fed. R. Civ. P. 69(a)(1) (citation modified).

Rule 64(c)(2) of the Utah Rules of Civil Procedure permits courts to "conduct hearings as necessary to identify property and to apply the property toward the satisfaction of the judgment or order."[8]  Additionally, "the court may permit discovery" and "may forbid any person from transferring, disposing, or interfering with the property."[9]

## ANALYSIS

1. <u>Requests for Production</u>

As noted above, a party seeking to execute a judgment may seek discovery regarding a judgment debtor's assets.[10]  RWS's motion contains thirteen requests for production of documents (RFPs), seeking documents relating to the judgment debtors' assets dating from six years prior to the judgment.[11]  The judgment debtors oppose all of RWS's document requests, summarily asserting (without explanation) information from six years before the judgment is overbroad.[12]  But the scope of post-judgment discovery is broad, as it is governed by Rule 26 of the Federal Rules of Civil

---

[8] Utah R. Civ. P. 64(c)(2).

[9] Utah R. Civ. P. 64(c)(2)–(3) (citation modified); *see also* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); DUCivR 72-1(a)(2)(C) (authorizing magistrate judges to "conduct supplemental proceedings in accordance with Fed. R. Civ. P. 69, including: (i) hold hearings to determine judgment debtor's property; . . . (iii) temporarily restrain a judgment debtor from selling, transferring, or disposing of the property or asset").

[10] *See* Utah R. Civ. P. 64(c)(2); Fed. R. Civ. P. 69(a)(2).

[11] (*See* Mot. 6–7, Doc. No. 105.)

[12] (*See* Opp'n 2, Doc. No. 107 ("[A]ll relevant requests seek records and information six years prior to the entry of Judgment which is overbroad.").)

3

Procedure.[13]  RWS is thus entitled to liberal discovery "relevant to the existence or transfer of the judgment debtors' assets."[14]  Where the documents RWS requests appear facially relevant to tracing the existence or transfer of the judgment debtors' assets, the judgment debtors' boilerplate overbreadth objection fails.[15]

The judgment debtors also object to some specific RFPs.  First, they object to RFP 4, which requests: "Copies of all records, correspondence, and documentation of any kind evidencing or reflecting transfers of anything of value exceeding in the aggregate $1,000 per person during the six years prior to the date of entry of the Judgment."[16]  The judgment debtors assert (again without elaboration) RFP 4 is "vague, ambiguous, and overbroad."[17]  But the information requested is plainly relevant to the existence of transfer of assets, and the judgment debtors do not explain how the

---

[13] *See* Fed. R. Civ. P. 69(a)(2); *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."); *Signature Fin., LLC v. McClung*, No. 2:19-MC-00018, 2019 U.S. Dist. LEXIS 81531, at *5 (W.D. Ark. May 15, 2019) (unpublished) ("The scope of postjudgment discovery 'is very broad, as it must be if the procedure is to be of any value' . . . ." (quoting 12 Wright & Miller's, Federal Practice & Procedure § 3014 (3d ed. 2025))).

[14] *Klein v. Turner*, No. 2:19-cv-00767, 2023 U.S. Dist. LEXIS 194924, at *3 (D. Utah Oct. 30, 2023) (unpublished).

[15] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 18298, at *7 (D. Kan. Feb. 1, 2022) (unpublished) ("The court rejects [the judgment debtor's] boilerplate objection that each of the above-referenced interrogatories and requests is 'overbroad and unduly burdensome in scope because it seeks information for over 7 years.'").

[16] (Mot. 6, Doc. No. 105.)

[17] (Opp'n 2, Doc. No. 107.)

request is vague, ambiguous, or overbroad.  Accordingly, the judgment debtors' objection to RFP 4 fails.

Next, the judgment debtors object to RFPs 8, 9, and 11 through 13, arguing the documents requested have already been produced during this litigation.[18]  At the outset, even if responsive documents were already produced, the judgment debtors fail to identify the previously produced documents—they simply assert the discovery "was already requested for and produced in litigation."[19]  But "mere statements that a party has 'already responded,' without providing more information such as a reference to the particular prior discovery response or Bates stamp reference, do not suffice as justification for not producing documents responsive to the current Requests."[20] Moreover, many of the RFPs request documents that may not have existed during earlier discovery.  For example, RFP 8 requests corporate governance documents, and RFP 9 requests documents reflecting transfers of funds between the judgment debtors.[21]  Even if some responsive documents were produced earlier, RWS is entitled to any new, updated, or otherwise relevant documents.[22]  Finally, as RWS points out,

---

[18] (*Id.*)

[19] (*Id.*)

[20] *AMTRAK v. Cimarron Crossing Feeders, LLC*, No. 16-cv-1094, 2017 U.S. Dist. LEXIS 157363, at *22–23 (D. Kan. Sept. 26, 2017) (unpublished) (citation modified).

[21] (*See* Mot. 7, Doc. No. 105.)

[22] *See SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25, 2018 U.S. Dist. LEXIS 34282, at *15 (E.D.N.C. Mar. 2, 2018) (unpublished) ("Defendant also suggests that the [post-judgment] discovery sought is duplicative of discovery already produced

"discovery in aid of execution under Rule 69 is distinct from pre-trial merits discovery," because the purpose of post-judgment discovery "is to identify assets available to satisfy the judgment."[23] Thus, "information relevant now may not have been relevant, or as critical, before judgment was entered."[24]

For all these reasons, the judgment debtors' objections to RWS's document requests fail. The judgment debtors must produce responsive documents within thirty days of this order. To the extent any responsive documents were produced previously, the judgment debtors need not reproduce those documents if they specifically "identify such documents by Bates stamp numbers or other identifier."[25] But if any responsive documents exist that have not been produced (including any new or updated versions of documents previously produced), the judgment debtors must produce them.

2. Hearing

In addition to document production, RWS seeks an order requiring the judgment debtors "to appear in court for a hearing to answer questions about their assets."[26] Although "the court *may* conduct hearings *as necessary* to identify property,"[27] RWS

---

during the course of the litigation. However, the fact that the discovery sought overlaps with prior productions underscores its relevance.").

[23] (Reply in Supp. of Mot. for Procs. Suppl. and Debtor Exam. and to Refrain from Alienation or Disposition of Assets Against J. Debtors (Reply) 5, Doc. No. 109.)

[24] (*Id.*)

[25] *AMTRAK*, 2017 U.S. Dist. LEXIS 157363, at *23.

[26] (Mot. 4–5, Doc. No. 105.)

[27] Utah R. Civ. P. 64(c)(2) (emphasis added).

has not shown a hearing is necessary given the substantial document discovery the judgment debtors are ordered to produce.[28]  Accordingly, RWS's request for a hearing is denied.

   3. Disposition of Assets

Finally, RWS requests an order "enjoining the Judgment Debtors from transferring or alienating any of their assets."[29]  RWS argues such an order "should expressly include legal causes of action and active lawsuits as 'property,' and [] enjoin Judgment Debtors from settling, compromising, or voluntarily dismissing claims without express authorization of this Court."[30]  While the judgment debtors do not appear to oppose RWS's request generally, they contend any order prohibiting disposition of their assets must permit them to make any required payments to creditors senior to RWS.[31]  In reply, RWS "acknowledges that legitimate senior secured creditors have rights," but argues the order RWS seeks would not "prohibit[] those creditors from petitioning the Court for approval from the injunction restraining alienation."[32]

---

[28] *See United States v. Rafter H Constr., LLC*, No. 16-CV-115, 2018 U.S. Dist. LEXIS 250241, at *9 (D. Wyo. Apr. 10, 2018) (unpublished) ("[T]here is no suggestion [the judgment debtor] will not respond to the written discovery or is acting in bad faith.  The Court therefore finds a supplementary proceeding is premature and will not grant the request.").

[29] (Mot. 4, Doc. No. 105.)

[30] (*Id.* at 7.)

[31] (*See* Opp'n 2, Doc. No. 107.)

[32] (Reply 7, Doc. No. 109.)

7

As noted above, Rule 64(c)(3) of the Utah Rules of Civil Procedure permits courts to prohibit judgment debtors from transferring or disposing property subject to the judgment.[33] Where the judgment debtors have failed to satisfy the judgment against them, an order prohibiting the disposition of their assets is appropriate.[34] However, the judgment debtors must be permitted to make required payments to creditors senior to RWS. RWS's propositions to the contrary are unworkable. To require—as RWS proposes—senior creditors to "petition[] the Court for approval from the injunction restraining alienation"[35] would open the door to a lien priority battle in this court.[36] Such a battle is beyond the scope of this litigation. The same is true of RWS's request that the asset-freezing order "expressly include legal causes of action and active lawsuits as 'property,' and [] enjoin Judgment Debtors from settling, compromising, or voluntarily dismissing claims without express authorization of this Court."[37] RWS does not explain

---

[33] *See* Utah R. Civ. P. 64(c)(3); *see also* DUCivR 72-1(a)(2)(C) (authorizing magistrate judges to "(iii) temporarily restrain a judgment debtor from selling, transferring, or disposing of the property or asset").

[34] *See, e.g.*, *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-00940, 2013 U.S. Dist. LEXIS 141856, at *4 (D. Utah Sept. 27, 2013) (unpublished) (finding an "order to refrain from disposing of property [] proper" where the judgment debtors failed to satisfy the judgment).

[35] (Reply 7, Doc. No. 109.)

[36] (*See id.* ("RWS is not, *at this stage*, seeking to adjudicate lien priorities." (emphasis added)).) Even if RWS does not seek to adjudicate lien priorities "at this stage," its proposal will require lien priority determinations if any senior creditor seeks to collect from the judgment debtors.

[37] (Mot. 7, Doc. No. 105.)

how this court has broad authority to control the judgment debtors' decisions in other litigation.

Accordingly, RWS's request for an order prohibiting disposition of the judgment debtors' assets is granted in part and denied in part. The judgment debtors are ordered not to sell, transfer, or dispose of any non-exempt property until the judgment has been satisfied. The judgment debtors may, however, make any required payments to creditors senior to RWS.

## CONCLUSION

RWS's motion[38] is granted in part and denied in part, and the court orders as follows:

1. The judgment debtors are ordered to provide documents responsive to the RFPs included in RWS's motion[39] within thirty days.[40]

2. RWS's request for an order compelling the judgment debtors "to appear in court for a hearing to answer questions about their assets"[41] is denied.

---

[38] (Doc. No. 105.)

[39] (*See* Mot. 6–7, Doc. No. 105.)

[40] As noted above, to the extent any responsive documents have previously been produced, the judgment debtors need not reproduce those documents so long as they specifically identify the documents already produced by this deadline.

[41] (Mot. 4–5, Doc. No. 105.)

3. The judgment debtors are ordered not to sell, transfer, or dispose of any non-exempt property until the judgment has been satisfied. The judgment debtors may, however, make any required payments to creditors senior to RWS.

DATED this 14th day of July, 2025.

                                                BY THE COURT:

                                                _____
                                                Daphne A. Oberg
                                                United States Magistrate Judge