UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RESIDENTIAL WARRANTY SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOYO MEDIA, LLC; CLEAR SATELLITE, INC.; CLEAR HOME, INC.; PAUL SOUTHAM; and CASEY HREINSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' REQUEST FOR A HEARING AND OBJECTIONS TO PLAINTIFF'S WRITS OF GARNISHMENT (DOC. NO. 140)**<br><br>Case No. 2:20-cv-00898<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

In this breach of contract action,[1] the district judge issued a judgment for $781,993 in favor of Residential Warranty Services, against Goyo Media, Clear Satellite, and Clear Home.[2]  After Residential Warranty served writs of garnishment on some of the defendants' banks in order to collect the judgment, the defendants filed a reply, requesting a hearing on the writs and objecting that the funds are exempt from garnishment.[3]  Because the defendants have not shown the reply is timely, their objections and request for a hearing are denied without prejudice.

---

[1] (*See* Compl., Doc. No. 2; Second Am. Compl, Doc. No. 35.)

[2] (*See* Findings of Fact and Conclusions of L., Doc. No. 99; Judgment, Doc. No. 100.)

[3] (Defs.' Reply & Req. for Hr'g & Objs. to Pl.'s Writs of Garnishment (Reply), Doc. No. 140.)  For brevity, this order refers to the defendants' reply and request for hearing as the reply.

## BACKGROUND

The court entered judgment in favor of Residential Warranty in March 2025.[4] Residential Warranty then moved for writs of garnishment for funds in the defendants' accounts at five banks—Chase Bank, KeyBank, Wells Fargo, BMO Bank, and CommerceWest Bank.[5]  Shortly after, the court issued writs to be served on these garnishee banks.[6]  Residential Warranty served writs and interrogatories on Wells Fargo, Chase, and KeyBank on August 8, 2025.[7]  Residential Warranty served a writ and interrogatories on BMO Bank on September 5, 2025,[8] and the bank filed its answers ten days later.[9]  But Residential Warranty has been unable to serve CommerceWest with a writ of garnishment.[10]

---

[4] (*See* Judgment, Doc. No. 100.)

[5] (Am. Mot. for Writ of Garnishment to Chase Bank, Doc. No. 120; Am. Mot. for Writ of Garnishment to KeyBank, Doc. No. 121; Am. Mot. for Writ of Garnishment to Wells Fargo, Doc. No. 122; Mot. for Writ of Garnishment to BMO Harris Bank, f/k/a Bank of the West, Doc. No. 130; Mot. for Writ of Garnishment to CommerceWest Bank, Doc. No. 131.)

[6] (Writ of Garnishment to Chase Bank, Doc. No. 123; Writ of Garnishment to KeyBank Nat'l Assoc., Doc. No. 124; Writ of Garnishment to Wells Fargo Bank, Nat'l Assoc., Doc. No. 125; Writ of Garnishment to BMO Bank Nat'l Assoc. (f/k/a "Bank of the West"), Doc. No. 132; Writ of Garnishment to CommerceWest Bank, Doc. No. 133.)

[7] (Affidavits of Serv. for Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., & KeyBank Nat'l Assoc., Doc. Nos. 127–29.)

[8] (Affidavit of Serv. for BMO Bank Nat'l Assoc., Doc. No. 134)

[9] (BMO Bank Nat'l Assoc.'s Answers to Interrogs., Doc. No. 137.)  It is unclear whether (or when) Wells Fargo, Chase, and KeyBank served answers to the interrogatories.

[10] (Affidavit of Due & Diligent Attempt to Serve CommerceWest Bank, Doc. No. 138.)

On October 7, 2025, the defendants filed their reply, requesting a hearing and claiming the garnished funds are exempt because the defendants have priority creditors.[11]  Specifically, the defendants contend two senior creditors filed perfected UCC-1 financing statements before Residential Warranty's judgment—the Small Business Administration filed one as the secured party in June 2020, and CommerceWest filed the other as the secured party in November 2020.[12]  Both liens are against Clear Home, the debtor.[13]  The defendants asked the court to hold the garnished funds pending a hearing.[14]

Because the defendants provided no basis for this request, and cited no authority, the court ordered supplemental briefing on what procedures apply for the relief sought.[15]  According to their supplemental brief, Rule 24 of the Federal Rules of Civil Procedure forms the legal basis for the defendants' request.[16]  The defendants explain that another creditor, Ridgeline Capital, LC, also has a perfected UCC financing statement based on its purchase of Clear Home's loan from CommerceWest Bank.[17]  Accordingly, the defendants argue, Ridgeline must be permitted to intervene to protect

---

[11] (Reply, Doc. No. 140.)

[12] (*Id.* at 1, 4–6.)

[13] (*Id.*)

[14] (*Id.* at 2.)

[15] (Docket Text Order, Doc. No. 142.)

[16] (Defs.' Br. in Supp. of Hr'g on Pl.'s Writ of Garnishment 3, Doc. No. 144.)

[17] (*Id.* at 2–3.)

its interest.[18]  Primarily for this reason,[19] the defendants ask the court to hold the

garnished funds in its registry for forty-five days or until Ridgeline files its motion to

intervene and a hearing can be held to determine the rightful disposition of the funds.[20]

LEGAL STANDARD

Execution of a judgment in federal court is governed by Rule 69 of the Federal

Rules of Civil Procedure, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.[21]

Because the defendants have not identified any governing federal statutes,[22] Utah law

applies.

---

[18] (*Id.* at 3.)

[19] The defendants also argue that no meaningful prejudice will result because this case has been pending for more than five years, and improperly garnished funds transferred to Residential Warranty may be unrecoverable.  (*Id.*)

[20] (*Id.*)  Residential Warranty also filed a supplemental brief, arguing the two UCC-1 statements (for the Small Business Administration lien and the CommerceWest lien) were unperfected.  (Pl.'s Opp'n to Defs.' Obj. to Writs of Garnishment, Doc. No. 143 at 3–7.)  Because the defendants' reply is denied on other grounds, these arguments need not be addressed.

[21] Fed. R. Civ. P. 69(a)(1); *see also United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235 (10th Cir. 2000) ("Rule 69(a) . . . defers to state law to provide methods for collecting judgments.").

[22] Although the defendants contend Rule 24 of the Federal Rules of Civil Procedure supports their reply, it does not.  That rule governs motions to intervene, not objections to writs of garnishment or requests for hearings.  *See* Fed. R. Civ. P. 24(a)–(b).  Although Rule 24 provides procedures for nonparties like Ridgeline to move to intervene, there is no pending motion to intervene in this matter.

Specifically, Rule 64D of Utah's Rules of Civil Procedure governs writs of garnishment. Under Rule 64D, a plaintiff must serve the garnishee with the writ and interrogatories.[23] Within seven days, the garnishee must then: (1) answer the interrogatories under oath or affirmation; (2) serve the answers on the plaintiff; and (3) serve the writ, answers, notice of exemptions and two copies of the reply form upon the defendant and any other person shown by the records of the garnishee to have an interest in the property.[24]

After this, the defendant "may file and serve upon the garnishee a reply to the answers, a copy of the garnishee's answers, and a request for hearing."[25] Among other things, the reply may claim all or part of the property is exempt.[26] However, the reply must "be filed and served within 14 days" after the garnishee serves its answers, or "the court may deem the reply timely if filed . . . before the property is delivered to the plaintiff."[27] Ultimately, though, if a defendant served by the garnishee fails to reply, "the

---

[23] Utah R. Civ. P. 64D(f) (providing a writ must be served to establish order of priority and must "instruct the garnishee to complete the steps in subsection (g) and . . . how to deliver the property").

[24] Utah R. Civ. P. 64D(g)(1)–(3).

[25] Utah R. Civ. P. 64D(h)(1).

[26] Utah R. Civ. P. 64D(h)(1)(C).

[27] Utah R. Civ. P. 64D(h)(1). A court may also "deem the reply timely if filed before notice of sale of the property." *Id.* But this provision does not apply where bank account funds are at issue and the defendants provide no reason to believe such funds are (or could be) subject to sale.

garnishee's answers are deemed correct" and "the property is not exempt, except as reflected in the answers."[28]

## ANALYSIS

The defendants' objections and request for hearing are denied without prejudice, where they fail to show why their reply should be considered timely. Even more foundationally, the defendants fail to specify a legitimate procedural basis for the relief they request. In their reply, the defendants cite no legal authority. And in their supplemental brief, the defendants contend Rule 24 of the Federal Rules of Civil Procedure supports their request to hold the garnished funds pending a disposition hearing—because Ridgeline has a senior interest in the funds and intends to intervene.[29] But Ridgeline has not moved to intervene. And Rule 24 does not address or govern writs of garnishment. That the defendants failed to mention or justify their request on any other legal grounds, like federal Rule 69 and Utah's Rule 64D, is reason enough to deny their request.[30]

---

[28] Utah R. Civ. P. 64D(h)(3).

[29] (Defs.' Br. in Supp. of Hr'g on Pl.'s Writ of Garnishment 2–3, Doc. No. 144.)

[30] *See Adams v. Gen. Accident Assurance Co. of Canada*, 133 F.3d 932, 1997 U.S. App. LEXIS 36400, at *19–20 (10th Cir. 1997) (unpublished table decision) (explaining "the burden is on the party seeking to have the court rule in its favor to bring the basis for such a ruling to the court's attention," and concluding the plaintiffs, who claimed they were entitled to relief under Fed. R. Civ. P. 69 and Utah R. Civ. P. 64D, had failed to raise the legal basis for such relief with the district court).

Further, under Rule 64D, the defendants' reply is deficient. First, the defendants did not file copies of the garnishees' answers.[31] But more significantly, the record suggests the defendants did not file their reply within fourteen days of the garnishee banks' answers. BMO Bank filed its answers on September 15, 2025.[32] The defendants replied twenty-two days later. As for Wells Fargo, Chase, and KeyBank, it is unclear when (or even if) these banks served answers. Assuming they did so on August 15, 2025 (seven days after Residential Warranty served the writs, as required by Rule 64D),[33] the defendants filed their reply fifty-three days later.[34] And Residential Warranty has been unable to serve CommerceWest with the writ,[35] suggesting any reply as to that writ is premature.[36] In short, the defendants have failed to demonstrate

---

[31] *See* Utah R. Civ. P. 64D(h)(1) (providing a "defendant may file . . . a reply to the answers, *a copy of the garnishee's answers*, and a request for a hearing" (emphasis added)).

[32] (BMO Bank Nat'l Assoc.'s Answers to Interrogs., Doc. No. 137.)

[33] (Affidavits of Serv. for Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., & KeyBank Nat'l Assoc., Doc. Nos. 127–29 (indicating August 8, 2025 as the date of service).) *See* Utah R. Civ. P. 64D(g) (requiring garnishees to serve answers within seven days of service of the writ).

[34] Where the defendants offer no evidence suggesting these garnishee banks served answers on some later date, they fail to demonstrate the reply's timeliness.

[35] (Affidavit of Due & Diligent Attempt to Serve CommerceWest Bank, Doc. No. 138.)

[36] To the extent Wells Fargo, Chase, and KeyBank have also not served answers on the defendants, the reply would be premature as to these garnishee banks as well.

they filed the reply within fourteen days of being served with the garnishee banks' answers—and a failure to reply can have substantive significance.[37]

Likewise, the defendants have not shown the reply should be deemed timely. Courts may deem a reply timely if it is filed before the property is delivered to the plaintiff.[38]  But a garnishee need only retain the property for twenty-one days after serving a defendant with its answers.[39]  Only if the defendant serves a reply before then must the garnishee retain the property longer.[40]  Here, apart from asking the court to hold the garnished funds pending a hearing, the defendants offer no information regarding whether (or when) the garnishees delivered the funds to Residential Warranty.  And because the defendants filed their reply twenty-two days after BMO Bank's answer and, presumably, fifty-three days after Wells Fargo's, Chase's, and KeyBank's answers (if any), these garnishee banks would have had no obligation to hold the funds.[41]  In other words, it is not reasonable to deem the defendants' reply timely.

---

[37] *See* Utah R. Civ. P. 64D(h)(3) (noting that if a defendant served by the garnishee fails to reply, "the garnishee's answers are deemed correct" and "the property is not exempt, except as reflected in the answers").

[38] *See* Utah R. Civ. P. 64D(h)(1).

[39] *See* Utah R. Civ. P. 64D(i).

[40] *See id.*

[41] It is unlikely CommerceWest has delivered funds to Residential Warranty, since it was not served with the writ of garnishment.  For this reason, any reply as to the CommerceWest writ is premature.

Ultimately, the defendants have failed to show their reply was timely or should be considered timely. And where a failure to reply substantively affects the dispute over whether property is exempt, this deficiency is problematic.[42]

CONCLUSION

For these reasons, the objections and request for hearing[43] in the defendants' reply are denied without prejudice.

DATED this 23rd day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[42] *See* Utah R. Civ. P. 64D(h)(3)(A)–(B) (providing that, where a defendant fails to reply, the garnishee's "answers are deemed correct" and "the property is not exempt, except as reflected in the answers").

[43] (Doc. No. 140.)